**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMES ROY THOMAS** | **CIVIL ACTION** |
| **a/k/a DAVID JOEL HAMMONS** | |
| **VERSUS** | **NO. 21-1396** |
| **NEW ORLEANS POLICE DEPARTMENT** | **SECTION: "J"(1)** |

<u>**REPORT AND RECOMMENDATION**</u>

James Roy Thomas a/k/a David Joel Hammons filed this federal civil action pursuant to 42 U.S.C. § 1983.  Claiming that a detainer was erroneously placed on him, he sued the New Orleans Police Department, which is the sole defendant herein.

Defendant has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  The Court issued an Order directing plaintiff to file a response to that motion on or before December 15, 2021;[2] however, that Order, which was mailed to plaintiff at the St. Tammany Parish Jail, his address of record, was returned by the United States Postal Service as undeliverable because he was no longer at that facility.[3]  He has not notified the Court of his new address, and his whereabouts are currently unknown.  Therefore, for the following reasons, his complaint should be dismissed for failure to prosecute.

This Court's Local Rules provide:  "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change."  Local Rule 11.1.  It is clear that plaintiff was in fact aware of that obligation, in that his complaint included

---

[1] Rec. Doc. 11.
[2] Rec. Doc. 12.
[3] Rec. Doc. 13.

the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[4]

Additionally, this Court's Local Rules further provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

Local Rule 41.3.1. More than thirty-five days ago, mail sent to plaintiff at the St. Tammany Parish Jail, his address of record, was returned by the United States Postal Service as undeliverable.[5]

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

---

[4] Rec. Doc. 3, p. 5.
[5] Rec. Doc. 13. The envelope was stamped "RETURN TO SENDER" and bore a handwritten notation stating, "no longer here."

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b).  Here, plaintiff has failed to provide the Court with his current address despite being aware of his obligation to do so, and mail sent to him at his address of record has been returned as undeliverable.  Due solely to plaintiff's failure, his whereabouts are unknown, and this Court has no way to contact him to advance his case on the docket.  Accordingly, his complaint should be dismissed for failure to prosecute.  Further, if that recommendation is adopted, the pending motion to dismiss should be denied as moot.[6]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

It is **FURTHER RECOMMENDED** that the motion to dismiss, Rec. Doc. 11, be **DENIED AS MOOT**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

---

[6] Nonetheless, out of an abundance of caution, the undersigned notes that the motion has merit. In the motion, defendant argues that plaintiff's complaint should be dismissed without prejudice because "[t]he New Orleans Police Department is not an entity capable of suing or being sued." Rec. Doc. 11, p. 1. That is clearly correct. Manley v. State of Louisiana, Civ. Action No. 00-1939, 2001 WL 506175, at *2 (E.D. La. May 11, 2001) (Vance, J.) ("The Court dismisses plaintiff's claims against the New Orleans Police Department because it is simply a department of the City government and is not amenable to suit."); accord Winding v. City of New Orleans, Civ. Action No. 14-2460, 2015 WL 222365, at *5 (E.D. La. Jan. 14, 2015) (Barbier, J.) ("[I]t is clearly established that the NOPD is not a suitable defendant, and all claims brought against the NOPD as a defendant must be dismissed.").

result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _____1st_____ day of February, 2022.


**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**